# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VASHAWN DARRELL MCKNIGHT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-7212** |
| **DPT HARRIS, ET AL.** | **SECTION: "S"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Vashawn Darrell McKnight, filed this *pro se* and *in forma pauperis* complaint against Deputy Harris, Lieutenant Franklin, the St. Tammany Parish Jail, the St. Tammany Parish Sheriff's Office, and St. Tammany Parish. In this lawsuit, plaintiff is apparently claiming that defendants failed to protect him from violence.

The undersigned scheduled a preliminary conference in this matter for December 9, 2009, and sent notice of that conference to plaintiff at the St. Tammany Parish Jail, his address of record.[1] That notice was returned by the United States Postal Service as undeliverable,[2] and the Court learned that plaintiff had been released from incarceration.[3] Because the Court had no way to contact plaintiff and his whereabouts were unknown, the preliminary conference was canceled.[4]

Local Rule 41.3.1E provides:

> The failure of an attorney or pro se litigant to keep the court apprised of an
> address change may be considered cause for dismissal for failure to prosecute when

---

[1] Rec. Doc. 4.

[2] Rec. Doc. 5.

[3] Rec. Doc. 6.

[4] Rec. Doc. 6.

a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days.

The notice sent to plaintiff at the St. Tammany Parish Jail was returned to the Court as undeliverable more than thirty days ago on November 23, 2009.[5] Moreover, plaintiff has not notified this Court of his current address, despite clearly being aware of his duty to do so. The complaint plaintiff signed contained the following declaration: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."[6] Because plaintiff has failed to meet that obligation, the Court has no way to advance this case on the docket.

In light of the foregoing, it is appropriate to dismiss this action for want of prosecution. The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits. Fed.R.Civ.P. 41(b). The court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). As noted, mail sent to plaintiff has been

---

[5] Rec. Doc. 5. A subsequent mailing from the Court was also returned as undeliverable. Rec. Doc. 7.

[6] Rec. Doc. 1, p. 7.

2

returned as undeliverable, and he has failed to provide the Court with his current address despite acknowledging on his complaint that he was aware of his obligation to do so. Due solely to plaintiff's failure to meet that obligation, this Court has no way to schedule a preliminary conference in this matter or to otherwise advance his case on the docket.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[7]

New Orleans, Louisiana, this fifth day of January, 2010.

                                                    **SALLY SHUSHAN**
                                                  **UNITED STATES MAGISTRATE JUDGE**

---

[7] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.